**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY FISHER; et al., | No. 13-15691 |
| Plaintiffs - Appellees, | D.C. No. 4:74-cv-00090-DCB |
| UNITED STATES OF AMERICA, | |
| Intervenor-Plaintiff - Appellee, | MEMORANDUM[*] |
| v. | |
| STATE OF ARIZONA, | |
| Intervenor - Appellant, | |
| v. | |
| TUCSON UNIFIED SCHOOL DISTRICT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

_____

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 19, 2014
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit Judges.

The State of Arizona appeals the denial of its second motion for reconsideration of the district court's order denying it leave to intervene.[1] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm the district court's ruling.

In its motion to intervene, Arizona argued it should be permitted to intervene in order to ensure that any ethnic studies courses called for in the Unitary Status Plan would not violate state law. It provided a detailed discussion of A.R.S. § 15-112. Arizona asserted its interest "is ensuring that the interpretation and operation of state law is considered in the development of new ethnic studies curricula." Arizona maintained that any implementation of ethnic studies courses in violation of A.R.S. § 15-112 "would unconstitutionally usurp the State's right to administer its laws."

---

[1] Arizona timely appealed only the district court's February 6, 2013 order. That order denied a motion for reconsideration, not, as Arizona now contends, a motion to intervene.

2

The district court denied Arizona's motion to intervene as untimely because it reasonably determined that allowing Arizona to intervene shortly before the filing date for the draft Unitary Status Plan could prejudice the existing parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997) (explaining timeliness is a threshold requirement for mandatory and permissive intervention, and courts determine timeliness by considering the stage of the proceedings, prejudice to other parties, and the reason for and length of the delay). The court also noted that unless Arizona intended to assert "that any and all ethnic studies and/or curriculum will *per se* violate A.R.S. § 15-112, the Special Master has asserted an approach, which on its face does not appear to be contrary to Arizona law."[2] The district court granted Arizona leave to file an *amicus* brief voicing any objections it might have to the draft Unitary Status Plan.

Thereafter, the district court issued a revised scheduling order granting the parties' request for an opportunity to work collaboratively to resolve objections to the initial Unitary Status Plan. In response, Arizona requested that the district court reconsider its denial of leave to intervene, arguing the revised scheduling order would deprive it of a meaningful opportunity to object to any curricular

---

[2] Arizona conceded at oral argument before our court that there are certain types of culturally relevant courses that would conform to state law.

3

provisions in the draft Unitary Status Plan.  The district court denied Arizona's motion.

After the draft Unitary Status Plan was filed, Arizona filed an *amicus* brief objecting to language ultimately located in Section V.E.6 of the final Unitary Status Plan, which requires the Tucson Unified School District to "develop and implement culturally relevant courses."  Shortly thereafter, Arizona filed a second motion for reconsideration.  The motion argued the district court should reconsider the denial of leave to intervene due to "a major change in circumstance that was unforeseeable at the time Arizona filed its Motion to Intervene," namely, that the Tucson Unified School District's newly elected governing board had voted not to renew its objections to Section V.E.6.

In its February 6, 2013 order, the district court addressed the arguments raised in Arizona's *amicus* brief and also ruled on Arizona's second motion for reconsideration.  The court did not abuse its discretion by denying the second motion for reconsideration, but rather reasonably determined that the change in the Tucson Unified School District's governing board did not warrant reconsideration because "there is no issue ripe for resolution until the culturally relevant courses are developed."  *See City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (intervenor cannot rely on interest that is remote and speculative).  The court

also reasoned that the Tucson Unified School District had ample incentive to comply with state law.

Arizona argues that the district court mischaracterized its interest as ensuring that proposed ethnic studies courses would not violate state law, when Arizona's interest is really in ensuring that the district court did not exceed the scope of its remedial authority and infringe on the State's Tenth Amendment interest in setting education policy. But the latter argument was made by Arizona in its *amicus* brief, not in its motion to intervene. The interest Arizona asserted in its motion to intervene was ensuring that proposed ethnic studies courses would not violate A.R.S. § 15-112. Arizona did not argue in its second motion for reconsideration that its interest had changed; rather, it argued that the Tucson Unified School District no longer adequately represented its interest. The district court did not mischaracterize the interest asserted by Arizona in support of its request to intervene.

Arizona's motion for judicial notice, filed on August 16, 2013, is denied. It does not conform to Federal Rule of Evidence 201.

The motion for judicial notice is **DENIED.** The order denying reconsideration is **AFFIRMED.**